# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 5:20-CR-00021 |
| | ) | |
| PLAINTIFF, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | **DEFENDANT PATRICK LALLY'S MOTION** |
| | ) | **FOR DOWNWARD VARIANCE AND** |
| PATRICK LALLY, | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| DEFENDANT. | ) | |

Now comes Defendant, PATRICK LALLY, ("Mr. Lally") by and through his attorney and submits his *Motion for a Downward Variance and Sentencing Memorandum* for the Court's consideration and respectfully requests that the Court grant him a substantial downward variance taking into consideration his 1.) acceptance of responsibility for his conduct; and, 2.) complete lack of criminal history; and, 3.) his first offender status; and, 4.) his age of 58 years; and, 5.) his many physical and mental maladies and the need for effective medical care; and, 6.) his non-existent probability of recidivism; and, 7.) the non-violent nature of his conduct; and, 8.) the need for restitution to Hometown Bank; and, 9.) his law abiding conduct over the past 12 years which includes the past 32 months while on bond, Mr. Lally respectfully requests this Honorable Court impose a sentence substantially below the sentence suggested by the guidelines and a restitution order of $2,412,000. Such a sentence is sufficient but not greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a).

Respectfully submitted,


/s/ Jeff Hastings
JEFF HASTINGS (S.C.R. #0052140)
P. O. Box 33863
Cleveland, Ohio 44133-3863
440.759.0447
jhastings@hastingslegal.net
Attorney for Defendant Lally

**SENTENCING MEMORANDUM**

I.   **INTRODUCTION**

As set forth in paragraph 18 of Mr. Lally's Presence Investigation Report ("PSI"), by entering a plea of "guilty" in this case, he readily and clearly accepted responsibility for the crime he committed, which was three counts of bank fraud that occurred on January 29, 2010, February 19, 2010 and July 13, 2010.

Further, because he 1.) has accepted responsibility for his conduct by pleading guilty; and, 2.) complete lack of criminal history; and, 3.) his first offender status; and, 4.) his age of 58 years; and, 5.) his many physical and mental maladies and the need for effective medical care; and, 6.) his non-existent probability of recidivism; and, 7.) the non-violent nature of his conduct; and, 8.) the need for restitution to Hometown Bank; and, 9.) his law abiding conduct over the past 12 years, Mr. Lally respectfully requests this Honorable Court impose a sentence substantially below the sentence suggested by the guidelines and a restitution order of $2,412,000. Such a sentence is sufficient but not greater than necessary to achieve the purposes of sentencing.

II.  **MOTION FOR DOWNWARD VARIANCE.**

   **A. Mr. Lally's Mental and Physical Health Conditions and the Need to Afford Adequate Deterrence.**

Mr. Lally's Presence Investigation Report (**"PSI"**) did identify his mental and physical health conditions along with the need "to afford adequate deterrence" as grounds for a downward variance. ¶ 81 PSI. These mitigating factors, are highly relevant to the purposes of sentencing and are not taken into account by the suggested guideline range.

Mr. Lally understands the Court has the discretion to apply this downward variance and respectfully requests that because of his undisputed physical and mental infirmities, his

acceptance of responsibility, age, low rate of recidivism and the need for an adequate deterrent, the Court grant Mr. Lally a substantial downward variance.

1. **Physical Infirmities**

The PSI notes that Mr. Lally has multiple physical health conditions. His more serious afflictions are 1.) his inability to see through his left eye; and, 2.) glaucoma in his right eye; and, 3.) type II diabetes; and, 4.) polycythemia vera, which is a blood cancer. He had previously received treatment for this condition once or twice per month. Currently, Mr. Lally continues to monitor his condition and when his blood reaches a certain "thickness", a phlebotomy is scheduled. The phlebotomy, removes approximately 500cc of Mr. Lally's blood; and, 5.) the removal of a cancerous kidney in 2018; and, 6.) the myriad of prescriptions he takes for these physical maladies. Because of his many physical health maladies his ability to undertake any meaningful work has also been limited. ¶ 43 PSI.

2. **Mental Infirmities**

Mr. Lally was diagnosed with major depression, anxiety, and bipolar disorder in 1995 through University Hospitals in Cleveland, Ohio. In 2016, his mental health took a turn for the worst when his relationship with his brother became strained, and because of his own doing, he lost his source of employment and did not have any money to support his family. As a result he filed bankruptcy in 2017. It was at this time, Mr. Lally experienced suicidal ideation and thoughts of harming himself. Those thoughts lasted for several months, and he admitted himself into Northcoast Behavioral Healthcare in Northfield, OH., a mental health hospital. Through several mental health evaluations, Mr. Lally was diagnosed with major depressive disorder, panic disorder, bipolar disorder, and attention hyperactivity deficit disorder. He remained at the hospital from May 17, 2017, through July 14, 2017, and was discharged voluntarily. Mr. Lally

takes his mental illnesses very seriously and has continued his mental health treatment and (as part of bond conditions) receives counseling through Summit Psychological Associates, Inc., in Akron, OH. He is currently prescribed Abilify, Prozac, Adderall, Xanax, metformin, quetiapine, and fluoxetine for his mental health conditions. ¶¶ 44-45 PSI.

### 3. Afford Adequate Deterrence to Criminal Conduct

Plainly, Mr. Lally will never commit another crime, especially one involving banking. Both Ace Demo and Galahad, LLC ceased operation in 2016, over six years ago. Mr. Lally has since filed bankruptcy, had his home foreclosed, receives social security disability and because of his felony convictions and physical and mental maladies will never find any meaningful employment. His shattered career and bleak economic prospects are also deterrence factors. The protection of the public and deterrence of future crime have been significantly addressed by Mr. Lally's self-imposed "destruction" of his two businesses. . .Ace Demo and Galahad, LLC.

Research has consistently shown that while the certainty of being caught and punished has a deterrent effect, "increases in severity of punishments do not yield significant (if any) marginal deterrent effects." Michael Tonry, Purposes and Functions of Sentencing, 34 Crime & Just. 1, 28 (2006). "Three National Academy of Science panels . . . reached that conclusion, as has every major survey of the evidence." *Id.*; see also Zvi D. Gabbay, Exploring the Limits of the Restorative Justice Paradigm: Restorative Justice and White-Collar Crime, 8 Cardozo J. Conflict Resol. 421, 447-48 (2007) ("[C]ertainty of punishment is empirically known to be a far better deterrent than its severity.").

In this case, Mr. Lally (and others similarly situated) will likely be deterred from committing this type of crime knowing they will eventually be caught and have a sentence imposed that will confine their freedom and suffer hundreds of negative collateral sanctions for

his federal felony conviction such as opportunities for employment, housing, education, government loans and grants, professional licensing, family/domestic rights, etc. as a result of his convictions**.**

## III.   § 3553(a) FACTORS AS APPLIED TO MR. LALLY

Though his parents divorced when he was 13 years old, Mr. Lally enjoyed a typical upbringing and had the love and support of both his parents. He obtained his high school degree from University School, and a BA from Case Western University and has an employment history. ¶¶ 47-48 PSI.  Though divorced, over three years ago after a 27 year marriage,  Mr. Lally has been blessed with two adult daughters that he continues to have a relationship with.  Because of his many medical conditions and lack of income, other than social security disability and modest earnings as a part-time laborer, Mr. Lally has lived in a two bedroom apartment with his 81 year old mother for the past four years. ¶¶ 39-42 PSI

Despite his life of modest means and the self-imposed obstacles he brought about with this case, Mr. Lally has demonstrated an ability to continue to be a productive member of society.  His relationship with his two daughters, his part-time work and the need to care for his 81 year old mother provide his life with purpose and meaning.

### A.  FAMILY AND FRIENDS[1]

#### 1.  Mr. Lally's Aberrant Behavior

The conduct which Mr. Lally has taken took responsibility for is a marked deviation by him from an otherwise law-abiding life. His ill-gotten conduct 12 years ago in not a reflection on his past life nor his future life. The Patrick Lally that committed the crime of bank fraud in 2010 is not the same Patrick Lally prior to and subsequent to that time. This is echoed by his

---

[1] The letters of support are attached as Exhibit "A".

friends and colleagues.

Mr. Thomas Day sums it up well "I have found Pat to be a thoughtful, good-hearted man always willing to help members of the community in which he lived and worked. Pat has always been willing to lend a helping hand to friends and community members alike. Based on my experiences with Pat, the circumstances which bring him before you are an aberration for the man I know."

Retired Judge Junkin writes, "I have known Patrick since he was nine years old and feel that I know his character very well. I have observed him in good times and in bad. Patrick has discussed this matter with me at great length. I can tell you that he has come to honestly understand what he did wrong and that he acknowledges his guilt."

Mr. Kevin Gill, a friend and former neighbor, states, "Patrick, has fallen far in the last few years and in my view (knowing him in both good times and bad), has not only suffered, but has learned and is already the better person for it. He is both repentant and rehabilitated."

Mr. Lally's appearance before this Court comes a surprise to those that know him. As the behavior that he has accepted responsibility for is entirely out of character, as expressed by these letters of support. The attached letters reviewed in their totality paint a picture of an individual that is remorseful and ashamed of his previous conduct and describe a man who is committed to doing the right thing and being a loyal, law abiding and trusting person.

**B. Finances**

Because of Mr. Lally's tenuous financial profile and his agreement to pay $2,412,000 in restitution, the PSI correctly notes that given the foregoing, he is unable to pay a fine or other costs related to his prosecution, incarceration and supervision. ¶ 50 PSI. Additionally, because of Mr. Lally's modest income and health conditions that limit his employment opportunities, per

18 USCS §3612 he respectfully request that the Court waive the requirement for interest on the $2,412,000 in restitution he has agreed to pay to Hometown Bank.

18 USCS §3612 (f) reads in relevant part:

**§ 3612. Collection of unpaid fine or restitution**

**(f) Interest on fines and restitution.**

(1) In general. The defendant shall pay interest on any fine or restitution of more than $2,500, . ."

\* \* \*

(3) **Modification of interest by court**. If the court determines that the defendant does not have the ability to pay interest under this subsection, the court may—

(A) waive the requirement for interest;

(B) limit the total of interest payable to a specific dollar amount; or

(C) limit the length of the period during which interest accrues.

**C. The Nature and Circumstances of the Offense**

The government's proofs that involve Mr. Lally and that his plea advisory addresses, adequately set forth his involvement in this case. Mr. Lally entered a plea of guilty to three counts of bank fraud that occurred on January 29, 2010, February 19, 2010 and July 13, 2010. He has accepted responsibility for and acknowledges the wrongfulness of his conduct and understands the harmful effect of his actions on Hometown Bank, his family and the community. There is no question he has learned a hard lesson that he cannot take back and he will spend many years under the government's watchful eye for his conduct plus suffer hundreds of negative collateral consequences for his federal felony conviction such as opportunities for meaningful employment, housing, education, government loans and grants, professional licensing, family/domestic rights, etc. as a result of his convictions**.**

In mitigation there was no violence, firearms or drugs associated with Mr. Lally's conduct.

### D. The Need for the Sentence Imposed-to Reflect the Seriousness of the Offense, to Promote Respect for the Law and to Provide Just Punishment for the Offense; to Afford Adequate Deterrence to Criminal Conduct; and to Protect the Public from Further Crimes of the Defendant

When applying the §3553(a) factors to this non-violent case, a sentence substantially below the sentence suggested by the guidelines and a restitution order of $2,412,000 is sufficient to achieve each of the sentencing goals outlined in §3553(a). First, such a sentence is sufficient to reflect the seriousness of this non-violent, non-drug/firearm related offense. The first step to changing one's behavior is accepting responsibility for that behavior and Mr. Lally has accepted responsibility for his illegal conduct by pleading guilty. After successfully completing 32 months on bond, a federal sentence and a term of supervised release will continue to place him under the watchful of the government for years to come, which is a significant amount of time and appropriate sentence for the non-violent crime he committed.[2] In this case such a sentence will certainly, promote respect for the law, provide "just punishment for the offense" and is sufficient to deter both Mr. Lally and the public from committing similar offenses.

**1. Mr. Lally is at a Very Low Risk of Recidivism**

Mr. Lally has an exceptionally low risk of recidivism. Mr. Lally is 58 years old, a first offender, in poor health, does not have a history of drug or alcohol abuse and is a college graduate. The United States Sentencing Commission in its March 2016 report titled *Federal Offenders: A Comprehensive Overview*, found that, two factors – an offender's criminal history and their age at the time of release into the community – were most closely associated

---

[2] Since his Arraignment in January 2020, Mr. Lally has been on an unsecured personal bond for the past 32 months. Doc. #:15 and #:16.

with differences in recidivism rates.  Specifically, an offender with no criminal history points and reaching the age of 60 years of age has a low recidivism rate. Other factors reducing recidivism are educational achievement such as a college degree and offense type, such as fraud. See *Recidivism Among Federal Offenders: A Comprehensive Overview, (March 2016) Part V pp. 31-32*.  At https://www.ussc.gov/sites/default/files/pdf/research-and publications/researchpublications/2016/recidivism_overview.pdf.

In imposing the least sentence sufficient to account for the need to protect the public from further crimes of Mr. Lally, this Court should consider the statistically low risk of recidivism presented by Mr. Lally's history and characteristics. See, e.g., *United States v. Darway*, 255 Fed. Appx. 68, 73 (6th Cir. 2007) (upholding downward variance on basis of defendant's first-offender status).

2. **Need to Provide Meaningful Restitution**

In determining the appropriate sentence, the Court will also consider "the need to provide restitution to any victims of the offense." See 18 U.S.C. §3553(a)(7); *see* also, e.g., *United States v. Menyweather*, 447 F.3d 625, 634 (9th Cir. 2006 overruled on other grounds by *United States v. Munoz-Camarena* 621 F3d. 967 (9th Cir. 2010) (acknowledging district court's discretion to depart from guidelines to impose probationary sentence, since the "goal of obtaining restitution for the victims of Defendant's offense . . . is better served by a non-incarcerated and employed defendant"); *United States v. Peterson*, 363 F. Supp. 2d 1060, (E.D. Wis. 2005) (granting a variance so that defendant could work and pay restitution).The lengthier Mr. Lally's sentence  the more prolonged the  payment of meaningful restitution to Hometown Bank for his offenses.  While incarcerated Mr. Lally will receive approximately 12¢ to 40¢ per hour depending on his work assignments. Wherein the sooner he is released his income will

increase dramatically from the 12¢ to 40¢ an hour he receives while in the BOP's custody.³

IV.     PATRICK LALLY'S SENTENCING REQUEST

Based on the foregoing and because 1.) he has accepted responsibility for his conduct by pleading guilty; and, 2.) complete lack of criminal history; and, 3.) his first offender status; and, 4.) his age of 58 years; and, 5.) his many physical and mental maladies and the need for effective medical care; and, 6.) his very low risk of recidivism; and, 7.) the non-violent nature of his conduct; and, 8.) the need for restitution to Hometown Bank; and, 9.) his law abiding conduct over the past 12 years, Mr. Lally respectfully requests this Honorable Court waive the interest on his agreed upon restitution of $2,412,000, and impose a sentence substantially below the sentence suggested by the guidelines.

Such a sentence is sufficient but not greater than necessary to achieve the purposes of sentencing, is appropriate and consistent with the pertinent policy statements issued by the Sentencing Commission, reflects the seriousness of the offense and provides adequate punishment for his conduct.

                          Respectfully submitted,

                          /s/ Jeff Hastings_____
                          JEFF HASTINGS (S.C.R. #0052140)
                          P. O. Box 33863
                          Cleveland, Ohio 44133-3863
                          440.759.0447
                          jhastings@hastingslegal.net
                          Attorney for Defendant Lally

---

³https://www.bop.gov/inmates/custody_and_care/work_programs.jsp#:~:text=Inmates%20earn%2012%C2%A2%20to,hour%20for%20these%20work%20assignments.

## **CERTIFICATE OF SERVICE**

I hereby certify that the forgoing *Motion for Downward Variance and Sentencing Memorandum* has been forwarded to all necessary parties by operation of this Court's electronic filing system this 20th day of September 2022.

/s/ Jeff Hastings
JEFF HASTINGS (S.C.R. #0052140)
Attorney for Defendant Lally